**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

—————————————————————x
CITY OF ST. CLAIR SHORES POLICE AND  :
FIRE RETIREMENT SYSTEM, Individually  :  Electronically Filed
and on Behalf of All Others Similarly Situated,  :
  :  Civil Action No.: 1:08-cv-05048 (HB)
Plaintiff,  :  (ECF Case)
  :
v.  :
  :  Hon. Harold Baer
GILDAN ACTIVEWEAR INC., GLENN J.  :
CHAMANDY and LAURENCE G. SELLYN,  :
  :
Defendants.  :
  :
—————————————————————x

*(Additional Captions on the Following Page)*

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF**
**THE INSTITUTIONAL INVESTOR GROUP**
**FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF**
**AND APPROVAL OF SELECTION OF LEAD COUNSEL**

———————————————————x

THE POLICE AND FIRE RETIREMENT             :
SYSTEM OF THE CITY OF DETROIT, on          :   Electronically Filed
Behalf of Itself and All Others Similarly   :
Situated,                                   :   Civil Action No.: 1:08-cv-05717 (UA)
                                            :   (ECF Case)
                                            :
                          Plaintiff,        :
             v.                             :
                                            :
GILDAN ACTIVEWEAR INC., LAURENCE            :
G. SELLYN, and GLENN J. CHAMANDY.           :
                                            :
                          Defendants.       :
                                            :

———————————————————x

ALEJANDRO ALEGRE, Individually and on       :
Behalf of All Others Similarly Situated,    :   Electronically Filed
                                            :
                          Plaintiff,        :   Civil Action No.: 1:08-cv-06144 (HB)
             v.                             :   (ECF Case)
                                            :
GILDAN ACTIVEWEAR INC., GLENN J.            :   Hon. Harold Baer
CHAMANDY and LAURENCE G. SELLYN,            :
                                            :
                          Defendants.       :
                                            :

———————————————————x

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF FACTS ................................................................................................... 3

ARGUMENT ....................................................................................................................... 4

I.       THE RELATED ACTIONS SHOULD BE CONSOLIDATED ....................................... 4

II.      THE INSTITUTIONAL INVESTOR GROUP SHOULD BE APPOINTED LEAD
         PLAINTIFF..................................................................................................................... 5

         A.       The Procedural Requirements Pursuant to the PSLRA .........................................5

         B.       The Institutional Investor Group is the "Most Adequate Plaintiff" ........................6

                  1.       The Institutional Investor Group Has Made a Timely
                           Motion for Appointment as Lead Plaintiff.................................................. 6

                  2.       The Institutional Investor Group Has the Largest Financial
                           Interest........................................................................................................ 6

                  3.       The Institutional Investor Group Otherwise Satisfies Rule
                           23................................................................................................................ 7

                           (a)       The Institutional Investor Group Fulfills the Typicality
                                     Requirement.................................................................................. 8

                           (b)       The Institutional Investor Group Fulfills the Adequacy
                                     Requirement.................................................................................. 9

                  4.       The Institutional Investor Group is the Prototypical Lead
                           Plaintiff Envisioned by the PSLRA .......................................................... 10

III.     THE COURT SHOULD APPROVE THE INSTITUTIONAL INVESTOR
         GROUP'S CHOICE OF COUNSEL .............................................................................. 11

CONCLUSION..................................................................................................................... 13

## <u>TABLE OF AUTHORITIES</u>

### FEDERAL CASES

*Aronson v. McKesson HBOC, Inc.*,
    79 F. Supp. 2d 1146 (N.D. Cal. 1999) ................................................................4, 5, 7

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)........................................................................................10

*Constance Sczesny Trust v. KPMG LLP*,
    223 F.R.D. 319 (S.D.N.Y. 2004) ..........................................................................2, 8, 9

*In re Enron Corp. Sec., Deriv. & "ERISA" Litig.*,
    529 F. Supp. 2d 644 (S.D. Tex. 2006) .......................................................................12

*In re Enron Corp. Sec. Litig.*,
    No. H-01-3624 (MH), 2005 U.S. Dist. LEXIS 39867
    (S.D. Tex. Dec. 22, 2005) ...........................................................................................11

*Glauser v. EVCI Career Colleges Holding Corp.*,
    236 F.R.D. 184 (S.D.N.Y. 2006) ..........................................................................6, 8, 9

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990)....................................................................................4, 5

*Montoya v. Mamma.com Inc.*,
    No. 05 Civ. 2313(HB), 2005 WL 1278097 (S.D.N.Y. May 31, 2005).....................2, 7

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) .............................................................................2

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ...................................................................................8

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v.*
    *LaBranche & Co., Inc.*, 229 F.R.D. 395 (S.D.N.Y. 2004)...........................................9

*In re Waste Mgmt., Inc. Sec. Litig.*,
    128 F. Supp. 2d 401 (S.D. Tex. 2000) .......................................................................11

*Weiss v. Friedman, Billings, Ramsey Group, Inc.*,
    No. 05-cv-04617 (RJH), 2006 WL 197036 (S.D.N.Y Jan. 25, 2006) ........................11

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) .................................................................................4

**DOCKETED CASES**

*In re Monster Worldwide, Inc. Sec. Litig.*,
    No. 07-cv-2237 (S.D.N.Y. filed Mar. 15, 2007)..........................................................11

**STATUTES**

15 U.S.C. § 78u-4(a)(3) ...........................................................................................5

15 U.S.C. § 78u-4(a)(3)(A) and (B)..........................................................................5

15 U.S.C. § 78u-4(a)(3)(A)(i) ...................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(i) .................................................................................1, 6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ...........................................................................2, 6

Fed. R. Civ. P. 23(a) ................................................................................................8

**MISCELLANEOUS**

H.R. Rep. No. 104-369 (1995),
    *as reprinted in* 1995 U.S.C.C.A.N. 730..................................................................10

The Norfolk County Retirement System ("Norfolk"), City of Pontiac Policemen's and Firemen's Retirement Systems ("Pontiac P&F"), and City of St. Clair Shores Police and Fire Retirement System ("St. Clair Shores P&F") (collectively, the "Institutional Investor Group") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an order: (i) consolidating the above-captioned related actions; (ii) appointing the Institutional Investor Group as Lead Plaintiff of a class of purchasers of the securities of Gildan Activewear, Inc. ("Gildan" or the "Company"); and (iii) approving the Institutional Investor Group's selection of Labaton Sucharow LLP ("Labaton Sucharow") and Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

This case alleges that Gildan and certain of its officers and directors (collectively, "Defendants") violated the federal securities laws by issuing materially false and misleading statements concerning the Company's financial condition and performance. The above-captioned actions ("Actions") are brought on behalf of all persons and entities who purchased or otherwise acquired the securities of Gildan between August 2, 2007 and April 29, 2008, inclusive (the "Class Period").

Pursuant to Fed. R. Civ. P. 42(a), the Actions should be consolidated because they share numerous issues of fact and law and name the same defendants. Pursuant to the PSLRA, after consolidating the Actions, this Court should appoint the "most adequate plaintiff" to serve as Lead Plaintiff in the action. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court should

determine, among other things, which movant has the "largest financial interest" in the relief

sought by the Class in this litigation and has made a *prima facie* showing that it is an adequate

class representative under Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-

4(a)(3)(B)(iii)(I).

Cases from the Second Circuit determine the "largest financial interest" utilizing four

factors: (1) the number of shares of the subject securities purchased; (2) the net number of

securities purchased (offsetting the total number purchased by the total number sold); (3) the net

funds expended by the movant to acquire those securities; and (4) the approximate losses

suffered by the movant.  *See, e.g., Montoya v. Mamma.com Inc.*, No. 05 Civ. 2313(HB), 2005

WL 1278097, at *1 (S.D.N.Y. May 31, 2005); *Constance Sczesny Trust v. KPMG LLP*, 223

F.R.D. 319, 323 (S.D.N.Y. 2004); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295

(E.D.N.Y. 1998).[1]

The Institutional Investor Group meets the lead plaintiff requirements because it has the

largest financial interest and meets the adequacy and typicality elements of Fed. R. Civ. P. 23.

The Institutional Investor Group purchased 17,900 shares of Gildan common stock and sold only

275 during the Class Period (making net purchases of 17,625 shares), expended $742,724 in net

funds to acquire those securities, and suffered losses of $266,330 on a last-in, first-out ("LIFO")

basis and first-in, first-out ("FIFO") basis.  *See* Certifications and Loss Analyses, Exs. A and B

to the accompanying Declaration of Alan I. Ellman ("Ellman Decl.").  The Institutional Investor

Group is not aware of any other class member that has filed an action or filed an application for

appointment as lead plaintiff that has sustained greater financial losses.

---

[1]    *Olsten* is one of the earliest, and most cited, cases setting forth these four factors, which are commonly
referred to as the "*Olsten* factors."

In addition, the Institutional Investor Group satisfies the adequacy and typicality requirements of Rule 23 because it is comprised of sophisticated institutional investors who stand in the shoes of all other class members and is ready and able to spearhead this litigation in the best interests of the class. Indeed, the PSLRA's legislative history shows that the Institutional Investor Group is comprised of precisely the type of sophisticated institutional investors whose participation in securities class action the PSLRA was meant to foster. In short, the Institutional Investor Group is the "most adequate plaintiff" and should be appointed Lead Plaintiff.

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the Lead Plaintiff shall select and retain counsel to represent the class, subject to court approval. The Institutional Investor Group's selection of Labaton Sucharow and Coughlin Stoia as Lead Counsel should be approved because these firms have each successfully litigated securities class actions for decades.

## STATEMENT OF FACTS

Gildan is a supplier of activewear for the wholesale imprinted sportswear market in the U.S., Canada, and Europe. The Company sells T-shirts, sport shirts and fleece in large quantities to wholesale distributors as undecorated "blanks," which are subsequently decorated by screenprinters with designs and logos and ultimately purchased by consumers with the Gildan label. On April 29, 2008, the Company announced that it was reducing its second quarter 2008 earnings guidance from $0.42 per share to $0.35 per share, and reducing its fiscal 2008 earnings guidance from $1.85-1.90 to $1.45-1.50 per share. The Company stated that this was due to lower than projected unit sales growth in activewear (as a result of a shortfall in production from the Dominican Republic textile facility), a write-down of inventories of discontinued retail product lines, and additional costs incurred to service mass-market retailers during the

integration of retail information systems.  Upon the release of this news, Gildan's shares fell $10.99 per share, or 30.6 %, to close on April 29, 2008 at $24.93 per share, on unusually heavy trading volume.

The complaint alleges that, throughout the Class Period, Defendants failed to disclose materially adverse facts about the Company's well-being, business relationships, and prospects. Specifically, Defendants failed to disclose or indicate the following: (1) that the Company's Dominican Republic textile facility was underperforming; (2) that as a result, sales of the Company's activewear were performing below expectations; (3) that the Company had materially overstated its financial results by failing to timely write-down an impairment in the value of its inventories; (4) that the Company lacked adequate internal and financial controls; and (5) that, as a result of the foregoing, the Company's statements about its financial well-being and future business prospects were lacking in any reasonable basis when made.  As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the Institutional Investor Group and other Class Members have suffered significant losses and damages.

## **ARGUMENT**

## I.    **THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact.  *See Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001); *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150 (N.D. Cal. 1999).  The Court has broad discretion under this Rule to consolidate cases pending within its District.  *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).  Courts recognize that class action shareholder suits are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and

minimizes the expenditure of time and money by all concerned.  *See id.* at 1285; *Aronson*, 79 F.

Supp. 2d at 1150.

The actions pending before this Court present similar factual and legal issues, as they all

involve the same subject matter, and present the same legal issues.  Each alleges the same

violations of federal securities laws and is based on the same wrongful course of conduct,

namely Defendants' representations regarding Gildan's financial well-being and future business

prospects.  Each names the Company and the same individuals as defendants.  Because the

actions arise from the same facts and circumstances and involve the same subject matter, the

same discovery and similar class certification issues will be relevant to all related actions.

Accordingly, consolidation under Rule 42(a) is appropriate.

## II.      THE INSTITUTIONAL INVESTOR GROUP
##          <u>SHOULD BE APPOINTED LEAD PLAINTIFF</u>

### A.      <u>The Procedural Requirements Pursuant to the PSLRA</u>

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee

securities class actions brought pursuant to the Federal Rules of Civil Procedure.  *See* 15 U.S.C.

§ 78u-4(a)(3).  First, the plaintiff who files the initial action must, within 20 days of filing the

action, publish a notice to the class informing class members of their right to file a motion for

appointment as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i).  The plaintiff who filed the

complaint in this Action published a notice on *Business Wire* on June 2, 2008.  *See* Notice,

Ellman Decl., Ex. C.  This notice indicated that applications for appointment as lead plaintiff

were to be made no later than August 1, 2008.  Within 60 days after publication of the required

notice, any member or members of the proposed class may apply to the Court to be appointed as

lead plaintiff, whether or not they have previously filed a complaint in this action.  15 U.S.C. §

78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency. 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the Exchange Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
>> (aa) has either filed the complaint or made a motion in response to a notice . . .
>>
>> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>>
>> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006).

### B.   The Institutional Investor Group is the "Most Adequate Plaintiff"

#### 1.   The Institutional Investor Group Has Made a Timely Motion for Appointment as Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, the Institutional Investor Group timely moves this Court to be appointed Lead Plaintiff on behalf of all plaintiffs and class members covered by the Action and any other actions deemed related by this Court.

#### 2.   The Institutional Investor Group Has the Largest Financial Interest

As noted above, the analysis central to identifying the movant with the largest financial interest focuses on a four-part test: (1) the number of shares purchased; (2) the number of net

shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs. *See Montoya*, 2005 WL 1278097, at *1. "These factors are useful, because they look to relatively objective indicators, such as number of shares purchased or sold, rather than to the ultimate question of damages." *Aronson*, 79 F. Supp. 2d at 1158.

Based upon these factors, the Institutional Investor Group believes it has the largest financial interest in this litigation.

**Net Shares Purchased**:  Net shares purchased equals the number of shares purchased less the number of shares sold during the class period.  The Institutional Investor Group is a net purchaser of 17,625 Gildan shares.  *See* Certifications and Loss Analyses, Ellman Decl., Exs. A and B.

**Net Funds Expended**:  The net funds expended on the subject securities during the Class Period equals the difference between the total funds spent to purchase those securities and the funds received from sales of those securities.  The Institutional Investor Group expended $742,724 in net funds to purchase Gildan stock during the Class Period.  *See* Certifications and Loss Analyses, Ellman Decl., Exs. A and B.

**Approximate Losses:**  The Institutional Investor Group suffered total losses of $266,330 when calculated using the LIFO and FIFO methods.  *See* Certifications and Loss Analyses, Ellman Decl., Exs. A and B.

In sum, the Institutional Investor Group believes it has the largest financial interest and should be appointed Lead Plaintiff in this Action.

### 3.    The Institutional Investor Group Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the

requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *see also Constance Sczesny Trust*, 223 F.R.D. at 323-24 (same). As detailed below, the Institutional Investor Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

**(a)    The Institutional Investor Group
Fulfills the Typicality Requirement**

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists "where the claims of the Lead Plaintiff arise from the same course of conduct that gives rise to the claims of the other class members, where these claims are based on the same legal theory, and where the class members and Lead Plaintiff were injured by the same conduct." *Glauser*, 236 F.R.D at 188-89. However, the claims of the Lead Plaintiff

need not be identical to the claims of the class to satisfy typicality.  *See Constance Sczensy Trust*, 223 F.R.D. at 325.

The Institutional Investor Group seeks to represent a class of purchasers of Gildan securities who have identical, non-competing and non-conflicting interests.  The Institutional Investor Group satisfies the typicality requirement because it: (1) purchased or acquired Gildan securities during the Class Period at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (2) suffered damages when the truth was disclosed to the market.  *See Glauser*, 236 F.R.D. at 189 (discussing the typicality requirement).  Thus, the Institutional Investor Group's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

**(b)     The Institutional Investor Group
Fulfills the Adequacy Requirement**

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."  In order to meet the adequacy requirement, "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation."  *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 413 (S.D.N.Y. 2004) (Sweet, J.).  The Institutional Investor Group's interests in this Action are perfectly aligned with the interests of absent class members, and Labaton Sucharow and Coughlin Stoia, its selected lead counsel, have decades of experience in effectively prosecuting securities class actions.  Accordingly, the Court can be assured that the Institutional Investor Group and its selected counsel will more than adequately protect the interests of absent class members.

9

4.    **The Institutional Investor Group is the Prototypical Lead Plaintiff Envisioned by the PSLRA**

In addition to satisfying the requirements of Rule 23, the Institutional Investor Group is precisely the type of large, sophisticated institutional investor – the prototypical lead plaintiff – envisioned by the framers of the PSLRA.  As noted by Congress in the Statement of Managers, the PSLRA was enacted "to increase the likelihood that institutional investors will serve as lead plaintiff," in part, because "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake."  H.R. Rep. No. 104-369, at 34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733.

Organized under the laws of the Commonwealth of Massachusetts effective January 1, 1937, Norfolk has over 9,500 active and retired members from 40 governmental units throughout the County of Norfolk.  With more than $480 million in assets, it is one of the largest public retirement systems in the State of Massachusetts.  Pontiac P&F is a contributory single-employer retirement plan that oversees approximately $260 million in assets.  It covers all the police and fire employees of the City of Pontiac.  Pontiac P&F provides retirement benefits, as well as death and disability benefits to its members.  St. Clair Shores P&F is a multi-employer pension fund that oversees approximately $100 million in assets.  It administers the police and fire pension system for the City of St. Clair.  St. Clair Shores P&F was established to provide retirement benefits to retirees and beneficiaries and disability benefits to employees disabled in the course of employment.

Each member of the Institutional Investor Group is a sophisticated institutional investor with vast resources sufficient to adequately litigate this action and supervise class counsel.  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (noting that the legislative intent

10

behind enacting the PSLRA was to encourage large institutional investors to serve as lead

plaintiff); *see also Weiss  v. Friedman, Billings, Ramsey Group, Inc.,* No. 05-cv-04617 (RJH),

2006 WL 197036, at *1 (S.D.N.Y Jan. 25, 2006) (same).  Thus, as demonstrated above, the

Institutional Investor Group is the prototypical lead plaintiff under the PSLRA.

## III.     THE COURT SHOULD APPROVE THE INSTITUTIONAL INVESTOR GROUP'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court

approval, select and retain counsel to represent the Class.  *See Id.* at *5.  Labaton Sucharow has

had a leading role in numerous important actions on behalf of defrauded investors.  Labaton

Sucharow served as lead counsel in the Waste Management securities litigation, which resulted

in a settlement of $457 million, one of the largest common-fund securities class action

settlements ever achieved at that time.  *See* Labaton Sucharow Firm Resume, Ellman Decl., Ex.

D; *see also In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000)

(stating that Labaton Sucharow "ha[s] been shown to be knowledgeable about and experienced

in federal securities fraud class actions").  Also, Labaton Sucharow is currently serving as lead or

co-lead counsel in the securities fraud cases against American International Group, HealthSouth,

Countrywide, Broadcom, and others.  In *In re Monster Worldwide, Inc. Sec. Litig.*, No. 07-cv-

2237 (S.D.N.Y. filed Mar. 15, 2007), Judge Rakoff appointed Labaton Sucharow as lead

counsel, stating that "the Labaton firm is very well known to . . . courts for the excellence of its

representation." (*Id.,* Hr'g Tr. 24:25-25:1, June 14, 2007).

Coughlin Stoia has substantial experience in the prosecution of shareholder and securities

class actions, including serving as lead counsel in *In re Enron Corp. Sec. Litig.*, No. H-01-3624

(MH), 2005 U.S. Dist. LEXIS 39867 (S.D. Tex. Dec. 22, 2005), in which Coughlin Stoia has

obtained recoveries to date which represent the largest recovery ever obtained in a shareholder

class action.  Specifically, the court in Enron stated:

> The firm is comprised of probably the most prominent securities
> class action attorneys in the country. It is not surprising that
> Defendants have not argued that counsel is not adequate. Counsel's
> conduct in zealously and efficiently prosecuting this litigation with
> commitment of substantial resources to that goal evidences those
> qualities is evident throughout this suit.

*In re Enron Corp. Sec., Deriv. & "ERISA" Litig*., 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006).

*See* Coughlin Stoia Firm Resume, Ellman Decl. Ex. E.

## CONCLUSION

For the foregoing reasons, the Institutional Investor Group respectfully requests that the Court: (i) consolidate the above-captioned related actions; (ii) appoint the Institutional Investor Group as Lead Plaintiff; and (iii) approve Labaton Sucharow LLP and Coughlin Stoia Geller Rudman & Robbins LLP as Lead Counsel for the Class.

Dated: August 1, 2008

Respectfully submitted,

**LABATON SUCHAROW LLP**

By: ___*/s/ Christopher J. Keller*___
Christopher J. Keller (CK-2347)
Andrei V. Rado (AR-3724)
Alan I. Ellman (AE-7347)
140 Broadway
New York, New York 10005
Telephone:     (212) 907-0700
Facsimile:      (212) 818-0477

**COUGHLIN STOIA GELLER**
  **RUDMAN & ROBBINS LLP**
Samuel H. Rudman
David A. Rosenfeld
Mario Alba Jr.
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:     (631) 367-7100
Facsimile:      (631) 367-1173

*Attorneys for the Institutional Investor*
*Group and Proposed Lead Counsel for the*
*Class*