UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————x
CITY OF ST. CLAIR SHORES POLICE AND   :
FIRE RETIREMENT SYSTEM, Individually   :   Electronically Filed
and on Behalf of All Others Similarly Situated,   :
                                       :   Civil Action No.: 1:08-cv-05048 (HB)
                      Plaintiff,       :   (ECF Case)
        v.                             :
                                       :   Hon. Harold Baer
GILDAN ACTIVEWEAR INC., GLENN J.       :
CHAMANDY and LAURENCE G. SELLYN,       :
                                       :
                      Defendants.      :
                                       :
——————————————————————x

*(Additional Captions on the Following Page)*


**MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THE MOTION OF THE INSTITUTIONAL INVESTOR GROUP FOR
CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF LEAD COUNSEL, AND
<u>IN OPPOSITION TO THE COMPETING MOTION</u>**

|  |  |
|---|---|
| THE POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, on Behalf of Itself and All Others Similarly Situated, | : <br> : <br> : Electronically Filed <br> : <br> : <br> : Civil Action No.: 1:08-cv-05717 (UA) <br> : (ECF Case) |
| Plaintiff, | : |
| v. | : |
| GILDAN ACTIVEWEAR INC., LAURENCE G. SELLYN, and GLENN J. CHAMANDY. | : <br> : |
| Defendants. | : |
| ALEJANDRO ALEGRE, Individually and on Behalf of All Others Similarly Situated, | : <br> : Electronically Filed <br> : |
| Plaintiff, | : Civil Action No.: 1:08-cv-06144 (HB) |
| v. | : (ECF Case) |
| GILDAN ACTIVEWEAR INC., GLENN J. CHAMANDY and LAURENCE G. SELLYN, | : Hon. Harold Baer <br> : |
| Defendants. | : |

**I.     INTRODUCTION**

On August 1, 2008, Norfolk County Retirement System, City of Pontiac Policemen's and Firemen's Retirement Systems, and City of St. Clair Shores Police and Fire Retirement System (collectively, the "Institutional Investor Group") moved this Court pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an order: (i) consolidating the above-captioned and related actions; (ii) appointing the Institutional Investor Group as lead plaintiff of a class of purchasers of the securities of Gildan Activewear, Inc. ("Gildan" or the "Company"); and (iii) approving the Institutional Investor Group's selection of Labaton Sucharow LLP ("Labaton Sucharow") and Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as Lead Counsel for the Class.

This is the Institutional Investor Group's opposition to the lead plaintiff/lead counsel motion filed by the Police and Fire Retirement Systems of the City of Detroit ("Detroit"). Detroit is presumptively barred from serving as lead plaintiff in this Action because it is in violation of the "professional plaintiff" restriction imposed by the PSLRA. The PSLRA restricts investors from serving as lead plaintiff in more than five securities class actions during any three year period. 15 U.S.C. § 78u-4(a)(3)(B)(vi). If Detroit is appointed lead plaintiff in this Action, it would constitute Detroit's **eighth appointment** as lead plaintiff in the past three years, stretching its resources to effectively monitor the litigation and counsel, and seriously limiting its "ability . . . to adequately present the class." *In re Cable & Wireless, PLC Sec. Litig.,* 217 F.R.D. 372, 377 (E.D. Va. 2003). A court has specifically rejected Detroit before due to "a risk of overstretch" where Detroit would be directing the same number of concurrent lawsuits – eight –

were it appointed lead plaintiff there.  *See Thompson v. Shaw Group*, No. 04-cv-1685, 2004 WL 2988503, at *7 (E.D. La. Dec. 14, 2004).

Many courts across the country have categorically refused to appoint investors who exceed the professional plaintiff bar.  *See, e.g., Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1156-57 (N.D. Cal. 1999); *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 820 (N.D. Ohio 1999).  Among those courts that have exercised their discretion to allow an institutional investor to exceed the professional plaintiff bar, many have only done so where there was no other "alternative acceptable institutional candidate," unlike here.  *In re Network Assocs., Inc. Sec. Litig.*, 76 F. Supp. 2d 1017, 1030 n.6 (N.D. Cal. 1999); *see also In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 454 (C.D. Cal. 2002); *In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1112 (N.D. Cal. 2001).

The Institutional Investor Group is comprised of three sophisticated public pension funds that suffered significant losses as a result of the alleged fraud.  Each member of the Institutional Investor Group has adequate resources to prosecute the Action and oversee its counsel.  For these reasons, the Institutional Investor Group should be appointed lead plaintiff and its selection of Labaton Sucharow and Coughlin Stoia as lead counsel should be approved.

## II.    ARGUMENT

### A.    The PSLRA's Process for Appointment of Lead Plaintiff

The PSLRA provides that "the court shall adopt a presumption that the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, the PSLRA also places the following restriction:

> *Restrictions on professional plaintiffs* – Except as the court may otherwise permit, consistent with the purposes of this section, a person may be a lead plaintiff, or an officer, director, or fiduciary of a lead plaintiff, in no more than 5 securities class actions brought as plaintiff class actions pursuant to the Federal Rules of Civil Procedure during any 3-year period.

15 U.S.C. § 78u-4(a)(3)(B)(vi).

### B.   The Institutional Investor Group is the "Most Adequate Plaintiff"

The lead plaintiff provisions of the PSLRA were enacted by Congress to place control of securities class actions in the hands of institutional investors with sufficient resources "to increase client control over plaintiff's counsel." *Aronson*, 79 F. Supp. 2d at 1156-57; *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (noting that the legislative intent behind enacting the PSLRA was to encourage large institutional investors to serve as lead plaintiff). The members of the Institutional Investor Group manage a combined $840 million in public pension fund assets. *See* Mem. of Law in Support of Mot. of Inst. Investor Group for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel at 10 (Aug. 1, 2008) ("Inst. Investor Group Br."). In addition to having suffered approximately $266,330 in losses, the Institutional Investor Group is adequate and typical of the Class, *see* Inst. Investor Group Br. at 7-11, and none of its members run afoul of the professional plaintiff bar of the PSLRA.

### C.   Detroit is Not the Most Adequate Plaintiff Because It is Presumptively Barred by the Professional Plaintiff Restriction

The PSLRA expressly prohibits investors from serving as lead plaintiff in more than five securities class actions during any three year period. 15 U.S.C. § 78u-4(a)(3)(B)(vi). Congress enacted this provision to limit the number of lead plaintiff appointments to protect against repeat, professional plaintiffs and to ensure that the lead plaintiff can adequately oversee and direct the litigation, including exercising control of class counsel. *See In re Cardinal Health, Inc. Sec.*

3

*Litig.*, 226 F.R.D. 298, 309 (S.D. Ohio 2005).  "If a court determines that an institutional investor's participation in five or more litigations poses a risk of overstretch, the institutional investor may be disqualified under the statutory bar."  *Thompson,* 2004 WL 2988503, at *7 (citing *Chiaretti v. Orthodontic Ctrs. of Am., Inc.*, No. 03-cv-1027, 2003 U.S. Dist. LEXIS 25264 (E.D. La. Aug. 28, 2003) (emphasizing prevention of over-representation as primary tenet of PSLRA where court enforced statutory ban against institutional investor)).  As the court in *In re Enron Corp. Securities Litigation* reasoned, "simultaneous participation in securities class actions or applications for appointment as lead plaintiff could result in the institutional investor having fewer resources available and being less able to police counsel's conduct, and thus undermine the purposes of the PSLRA."  206 F.R.D. 427, 444 (S.D. Tex. 2002) (citing *Telxon*, 67 F. Supp. 2d at 822).

Congress enacted the professional plaintiff bar to further the goals of the PSLRA – monitoring of counsel and insuring that the interest of all shareholders is protected – because "[t]he larger the number of cases being directed by a single institutional investor, the less likely it is these purposes are being served.  Simultaneous prosecution of nine different securities class actions would stretch the resources of even the largest institutional investors."  *In re Unumprovident Corp. Sec. Litig.*, No. 03-cv-49, 2003 U.S. Dist. LEXIS 24633, at *19-22 (E.D. Tenn. Nov. 6, 2003); *see also Aronson*, 79 F. Supp. 2d at 1156-57 ("Congress also desired to increase client control over plaintiff's counsel, and allowing simultaneous prosecution of six securities actions is inconsistent with that goal." (citing *Telxon*, 67 F. Supp. 2d at 822-23)).

Detroit identifies seven actions filed within the last three years in which it is serving as a lead plaintiff.  *See* Decl. of David R. Scott at Exh. B (Aug. 1, 2008). If appointed here, this would be the eighth case in which Detroit would serve as lead plaintiff.

4

Detroit has previously been rejected under the five-in-three rule, despite having the largest financial interest in those actions. In *Thompson*, the court ruled "simply that there is a risk of overstretch where Detroit P&G [*sic*] would be directing a total of **eight concurrent lawsuits** were Detroit P&G [*sic*] selected as Lead Plaintiff here as well." 2004 WL 2988503, at *7 (emphasis supplied). Instead, "to eliminate the risk of overstretch," the *Thompson* court appointed a group of institutional investors as lead plaintiff with a smaller financial interest, reasoning that "[a]lthough the legislative history appears to favor institutional investors, a policy of equal force is the general prevention of over-representation regardless of the plaintiff's status." *Id.* (citing *Chiaretti*, 2003 U.S. Dist. LEXIS 25264, at *5).

That Detroit has recently been appointed lead plaintiff despite similar attacks is of no moment, *see In re SiRF Tech. Holdings, Inc. Sec. Litig.*, No. 08-cv-856 MMC, 2008 WL 2220601, at *3 (N.D. Cal. May 27, 2008); *McClain v. WSB Fin. Group*, No. 07-cv-1747 RAJ, slip op. at 7 (W.D. Wash. Mar. 10, 2008), because Detroit's resources are further stretched with each additional action it leads. Indeed, the concerns behind the five-in-three rule become stronger with each additional case that Detroit is entrusted to litigate as lead plaintiff.

### III.   CONCLUSION

The Institutional Investor Group meets all of the PSLRA's requirements for appointment as lead plaintiff. Detroit, the only competing movant, is presumptively disqualified from appointment because it is serving as a lead plaintiff in seven cases filed in the past three years. While the Court has discretion to override the general rule, it should not do so here because there is no reason for an exception -- the only other lead plaintiff movant is a small, cohesive group comprised of institutional investors.

5

Dated: August 18, 2008

Respectfully submitted,

**LABATON SUCHAROW LLP**

By: <u> */s/ Christopher J. Keller* </u>
Christopher J. Keller (CK-2347)
Andrei V. Rado (AR-3724)
Alan I. Ellman (AE-7347)
140 Broadway
New York, New York 10005
Telephone:   (212) 907-0700
Facsimile:   (212) 818-0477

**COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP**
Samuel H. Rudman
David A. Rosenfeld
Mario Alba Jr.
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:   (631) 367-7100
Facsimile:   (631) 367-1173

*Attorneys for the Institutional Investor
Group and Proposed Lead Counsel for the
Class*

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

─────────────────────────────────x
CITY OF ST. CLAIR SHORES POLICE AND : 
FIRE RETIREMENT SYSTEM, Individually : Electronically Filed
and on Behalf of All Others Similarly Situated, :
: Civil Action No.: 1:08-cv-05048 (HB)
          Plaintiff, : (ECF Case)
     v. :
: Hon. Harold Baer
GILDAN ACTIVEWEAR INC., GLENN J. :
CHAMANDY and LAURENCE G. SELLYN, :
:
          Defendants. :
:
─────────────────────────────────x

*(Additional Captions on the Following Page)*


**CERTIFICATE OF SERVICE**

———————————————————————x
THE POLICE AND FIRE RETIREMENT : 
SYSTEM OF THE CITY OF DETROIT, on : Electronically Filed
Behalf of Itself and All Others Similarly :
Situated, : Civil Action No.: 1:08-cv-05717 (UA)
: (ECF Case)
     Plaintiff, :
 v. :
:
GILDAN ACTIVEWEAR INC., LAURENCE :
G. SELLYN, and GLENN J. CHAMANDY. :
:
     Defendants. :
:
———————————————————————x
ALEJANDRO ALEGRE, Individually and on :
Behalf of All Others Similarly Situated, : Electronically Filed
:
     Plaintiff, : Civil Action No.: 1:08-cv-06144 (HB)
 v. : (ECF Case)
:
GILDAN ACTIVEWEAR INC., GLENN J. :  Hon. Harold Baer
CHAMANDY and LAURENCE G. SELLYN, :
:
     Defendants. :
:
———————————————————————x

I, Christopher J. Keller, hereby certify, that on August 18, 2008, I electronically filed a true and correct copy of the following document:

- Memorandum of Law in Further Support of the Motion of the Institutional Investor Group for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, and in Opposition to the Competing Motion

with the Clerk of the Court using the ECF system which will send notification to the following:

> malba@csgrr.com, drosenfeld@csgrr.com, srudman@csgrr.com,
>
> frawleyb@sullcrom.com, holleys@sullcrom.com, drscott@scott-scott.com, and
>
> esmith@brodsky-smith.com.

I also hereby certify that I have caused a true and correct copy of the foregoing document to be served via U.S. mail to the following:

> D. Seamus Kaskela
> David M. Promisloff
> Schiffrin Barroway Topaz & Kessler, LLP
> 280 King of Prussia Rd.
> Radnor, PA 19087

        /s/ *Christopher J. Keller*
        Christopher J. Keller (CK-2347)